IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:25-cr-00879-JB-8 |
| ) | |
| **ALEX ANTHONY MARTINEZ,** ) | |
| ) | |
| ) | |
| Defendant. ) | |

# UNITED STATES' NOTICE OF INTENT TO INTRODUCE SELF-AUTHENTICATING RECORDS PURSUANT TO RULE 902(11), 902(13), AND 803(6)

The United States of America hereby gives notice that it intends to introduce evidence of certified records of regularly conducted activity, as well as certified records generated by an electric process or system, pursuant to Federal Rules of Evidence 902(11), 902(13), and 803(6). Specifically, the United States intends to admit self-authenticating records of calls containing statements by Defendant and coconspirators utilizing the inmate phone system operated by Talton Communications at Cibola County Correctional Center ("CCCC").

Pursuant to Rule 902(11), Certified Domestic Records of a Regularly Conducted Activity, no extrinsic evidence of authenticity is required as a condition precedent to admissibility for the following:

> The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)–(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court.

Fed. R. Evid. 902(11).

1

Rule 902(13) states that records "generated by an electronic process or system that produces an accurate result" may also be admitted solely using a certification that meets the requirements of Federal Rule of Evidence 902(11). *See* Fed R. Evid. 902(13).

Federal Rule of Evidence 803(6), applicable to both Rule 902(11) and Rule 902(13), states that the certification needs to establish that (1) the records were made at or near the time, or from information transmitted by someone with knowledge, (2) they are records kept in the course of a regularly conducted activity of a business, and (3) making such a record is the regular practice of that activity. Fed. R. Evid. 803(6)(A)-(C).

Rule 803(6) further provides that these prerequisites for admissibility may be satisfied "by a certification that complies with [Federal Rule of Evidence] 902(11)." Therefore, once a business record is certified, it is self-authenticating, and no extrinsic evidence of authenticity is required. *See e.g. United States v. Lewis*, 594 F.3d 1270, 1278 (10th Cir.2010) Fed R. Evid. 902(11).

"The rationale behind the business records exception is that such documents have a high degree of reliability because businesses have incentives to keep accurate records." *United States v. Gwathney*, 465 F.3d 1133, 1140 (10th Cir. 2006). Because the documents the government seeks to admit are such records, they are admissible under Federal Rules of Evidence 803(6) and 902(11).

The proponent of such records must make them available for inspection and must give an adverse party reasonable written notice of its intent to offer such records.

In this matter, on July 11, 2025, the United States disclosed to Defendant recorded calls placed to Defendant from other inmates at CCCC while Defendant was out of custody, as well as calls placed by Defendant himself while incarcerated at CCCC. Each disclosure also included a

certification from Talton Communications that complies with Federal Rules of Evidence 902(11) and 803(6). The certification of records for calls placed to Defendant is attached as Exhibit 1. The certification of records for calls placed by Defendant is attached as Exhibit 2.

The United States hereby notifies Defendant that it intends to introduce these self-authenticating records at trial pursuant to Federal Rules of Evidence 902(11), 902(13), and 803(6).

Respectfully submitted,

RYAN ELLISON
United States Attorney

*Electronically filed July 18, 2025*
MATTHEW J. McGINLEY
ELAINE Y. RAMIREZ
RAQUEL RUIZ-VELEZ
BLAKE NICHOLS
Assistant United States Attorneys
201 Third Street NW, Ste. 900
Albuquerque, New Mexico 87103
(505) 346-7274

I CERTIFY that a true copy of the foregoing pleading was provided to opposing counsel of record, via CM/ECF, on this date.

*Electronically filed July 18, 2025*
BLAKE NICHOLS
Assistant United States Attorney