## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                     No. CR 25-0879 JB

HERIBERTO SALAZAR-AMAYA, a.k.a.
"HSA," "Juan," "El Paisa," "Viejo," "Heriberto
Salazar-Torres," "Gabriel Gomez-Torres," and
"Pedro Gomez-Diaz," CESAR ACUNA-
MORENO, a.k.a. "Pollo," BRUCE SEDILLO,
a.k.a. "YG" and "Youngster," VINCENT
MONTOYA, a.k.a. "La Gringa" and "Guilt,"
FRANCISCO GARCIA, a.k.a. "Pancho,"
DAYID ANESI, GEORGE NAVARRETE-
RAMIREZ, a.k.a. "Pantera" and "Panther,"
ALEX ANTHONY MARTINEZ, a.k.a. "Bow,"
"Bose," and "Volt," JOSE LUIS MARQUEZ,
NICHOLAS TANNER, BRIAN SANCHEZ,
KAITLYN YOUNG, a.k.a. "La de la Moto,"
ALAN SINGER a.k.a. "El de la Moto," DAVID
ALTAMIRANO-LOPEZ, a.k.a. "Yogi,"
ROBERTA HERRERA, and MISAEL LOPEZ-
RUBIO, a.k.a. "Bruno."

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant Alex Anthony Martinez'
Renewed Objection and Motion to Dismiss, Or in the Alternative for a Mistrial, on the Grounds
of Defects in, Constructive Amendments to, and/or Material Variances From, the Indictment, filed
August 5, 2025 (Doc. 490)("Motion"). The primary issues are: (i) whether the Second Superseding
Indictment, filed July 16, 2025 (Doc. 358)("Indictment") is defective, because it fails to allege a
predicate felony for the use of a communication facility, 21 U.S.C. § 843(b) charge; and
(ii) whether Plaintiff the United States of America improperly attempts to add possession with
intent to distribute and distribution as predicate felonies to the Indictment. The Court concludes

that: (i) the Indictment is not defective, because the predicate felony of Conspiracy attaches to each of the use of a communication facility charges; and (ii) the United States does not improperly amend the Indictment, because the Indictment and the instructions to the jury assert the predicate felony of Conspiracy, not possession with intent to distribute and distribution.

**FACTUAL BACKGROUND**

First, the Court describes the Indictment's Count 1.  Then, the Court describes Count 2's Manner and Means charges.  Finally, the Court describes the jury verdict.

1.      **The Indictment**.

A federal Grand Jury returns a twelve-count Indictment that charges Martinez and thirteen others with narcotics, firearms, and immigration offenses.  See Indictment at 1, filed April 24, 2025 (Doc. 25).  See also Superseding Indictment at 1-31, filed June 25, 2025 (Doc. 225).  The Grand Jury returns the Second Superseding Indictment, filed July 16, 2025 (Doc. 357), which charges Martinez with three counts: Count 1 -- Continuing Criminal Enterprise (21 U.S.C. § 848(a)); Count 2 -- Conspiracy (21 U.S.C. § 846); and Count 3 -- Possession with Intent to Distribute 400 Grams and More of Fentanyl and Aiding and Abetting (21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi); 18 U.S.C. § 2).  See Second Superseding Indictment at 1-14.  The Conspiracy charge alleges that, from July 1, 2024, through April 29, 2025, Martinez and others conspired to distribute controlled substances.  See Second Superseding Indictment at 4-14.

- 2 -

a.     **Count 1:**     **Continuing Criminal Enterprise**.

The Indictment charges Martinez with violating the Continuing Criminal Enterprise statute, 21 U.S.C. § 848(a) as follows:

Count 1

From on or about June 1, 2024, and continuing to on or about April 29, 2025, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendants, **HERIBERTO SALAZAR AMAYA, CESAR ACUNA-MORENO**, BRUCE SEDILLO, **VINCENT MONTOYA, FRANCISCO GARCIA, DAVID ANESI, GEORGE NAVARRETE. RAMIREZ, ALEX ANTHONY MARTINEZ**, JOSE LUIS MARQUEZ, **KAITLYN YOUNG, DAVID ALTAMIRANO-LOPEZ, ROBERTA HERRERA, MISAEL LOPEZ-RUBIO** and PHILLIP LOVATO, unlawfully, knowingly and intentionally engaged in a continuing criminal enterprise, and such violations were part of a continuing series of violations of Title 21 of the United States Code that were undertaken by the defendants in concert with at least five or more other persons with respect to whom the defendants occupied a position of organizer, a supervisory position, or other positions of management, and from which the defendants obtained substantial income and resources, and the said violations included, but are not limited to, the substantive violations alleged in:

a.     Counts 3, 4, 7, 10, 11 and 21 U.S.C. §§ 8a1(a)(1) and (b)(t)(A)(vi): Distribution of 400 Grams and More of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)- 4-piperidinyll propanamide); 18 U.S.C. § 2: Aiding and Abetting;

b.     Count 5: 21 U.S.C. §§ 8a1(a)(l) and (b)(1)(AXvi): Distribution of 400 Grams and More of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide);

c.     Counts 6 and 13: 21 U.S.C. §§ 8al(a)(l) and (b)(l)(A)(vi): Possession with Intent to Distribute 400 Grams and More of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4- piperidinyll propanamide);

d.     Counts 8, 17,22,23 and24: 21 U.S.C. § 8a1(aXl) and (bX1)(AXvi): Possession with Intent to Distribute 400 Grams and More of Fentanyl (N-phenyl-N-U-(2-

phenylethyl)-4-piperidinyl propanamide); 18 U.S.C. § 2: Aiding and Abetting;

e.    Count 15: 21 U.S.C. §§ 8a1(a)(1) and (b)(l)(C): Possession with Intent to Distribute Fentanyl (N-phenyl-N-f1-(2-phenylethyl)-a-piperidinyl] propanamide);

f.    Counts 18 and 25: 21 U.S.C. §§ 841(a)(l) and (b)(1)(A)(viii): Possession with Intent to Distribute 500 Grams and More of a Mixture and Substance Containing Methamphetamine; 18 U.S.C. § 2: Aiding and Abetting;

g.    Counts 19 and 26: 21 U.S.C. §§ 8a1(a)(l) and (b)(1)(A)(i): Possession with Intent to Distribute One Kilogram and More of Heroin; 18 U.S.C. § 2: Aiding and Abetting;

h.    Counts 27: 21 U.S.C. §§ 8a1(a)(l) and (b)(1)(B)(ii): Possession with Intent to Distribute 500 Grams and More of Cocaine; 18 U.S.C. § 2: Aiding and Abetting;

i.    Count 20 and 28: 21 U.S.C. §§ 8a1(a)(1) and (b)(l)(C): Possession with Intent to Distribute a Mixture and Substance Containing Cocaine; 18 U.S.C. § 2: Aiding and Abetting;

and the substantive violations alleged in the Manner and Means in Count 2, including Manner and Means Numbers 2, 3, and 6 through 51.

All in violation of 21 U.S.C. § 848(a).

Indictment at 3-4.

**b.    Use of a Communication Facility, 21 U.S.C. § 843(b).**

Additionally relevant here are the "substantive violations alleged in the Manner and Means in Count 2," which comprise some violations within Count 1's Continuing Criminal Enterprise charge.    Indictment at 4.    Count 2 charges Martinez with violating the Conspiracy statute, 21 U.S.C. § 846.    See Indictment at 5.    Count 2 alleges the "Manner and Means" by which Martinez violates the Conspiracy statute.    Primarily, the "Manner and Means" that Martinez allegedly uses

is the use of a communication facility to facilitate a crime, which is a charge for Use of a Communication Facility, 21 U.S.C. § 843(b):

    1.    It was part of the conspiracy that on or about August 18, 2024, the defendants, BRUCE SEDILLO and **ALEX ANTHONY MARTINEZ**, used a communication facility to violate 21 U.S.C. § 843(b).

    2.    It was part of the conspiracy that on or about August 20, 2024, the defendants, BRUCE SEDILLO and **ALEX ANTHONY MARTINEZ**, used a communication facility to violate 21 U.S.C. § 843(b).

    3.    It was part of the conspiracy that on or about September 10, 2024, the defendants, BRUCE SEDILLO and **ALEX ANTHONY MARTINEZ**, used a communication facility to violate 21 U.S.C. § 843(b).

    4.    It was part of the conspiracy that on or about September 24, 2024, the defendants, BRUCE SEDILLO and **ALEX ANTHONY MARTINEZ**, used a communication facility to violate 21 U.S.C. § 843(b).

    5.    It was part of the conspiracy that on or about November 6, 2024, the defendants, BRUCE SEDILLO and **ALEX ANTHONY MARTINEZ**, used a communication facility to violate 21 U.S.C. § 843

    6.    It was part of the conspiracy that on or about November 10, 2024, the defendants, BRUCE SEDILLO and **ALEX ANTHONY MARTINEZ**, used a communication facility to violate 21 U.S.C. § 843(b), and did, in fact, commit a violation of 21 U.S.C. § 841(a)(l); 18 U.S.C. § 2: Aiding and Abetting.

7.     It was part of the conspiracy that on or about November 11, 2024, the defendants, BRUCE SEDILLO and **ALEX ANTHONY MARTINEZ**, used a communication facility to violate 21 U.S.C. § 843(b).

8.     It was part of the conspiracy that on or about November 11, 2024, the defendants, BRUCE SEDILLO and **ALEX ANTHONY MARTINEZ**, used a communication facility to violate 21 U.S.C. § 843(b).

9.     It was part of the conspiracy that on or about November 19, 2024, the defendants, FRANCISCO GARCIA and **ALEX ANTHONY MARTINEZ**, used a communication facility to violate 21 U.S.C. § 843(b).

10.    It was part of the conspiracy that on or about February 1, 2025, the defendants, **HERIBERTO SALAZAR-AMAYA, CESAR ACUNA-MORENO, and ALEX ANTHONY MARTINEZ**, used a communication facility to violate 21 U.S.C. § 843(b).

11.    It was part of the conspiracy that on or about March 15, 2025, the defendants, **HERIBERTO SALAZAR-AMAYA** and **ALEX ANTHONY MARTINEZ**, used a communication facility to violate 21 U.S.C. § 843(b).

In violation of 21 U.S.C. § 846.

See Indictment at 5-14 (Court includes only paragraphs that mention Martinez).

## 2.     **The Trial and Verdict.**

The trial started on July 21, 2025, and lasted seven non-consecutive days.  Parties gave closing arguments on August 5, 2025.  At the end of the next day, on August 6, 2025, the jury

returned a verdict of: (i) not guilty on Count 1 -- Continuing Criminal Enterprise (21 U.S.C. § 848(a)); (ii) guilty on Count 2 -- Conspiracy (21 U.S.C. § 846); and (iii) guilty on Count 3 -- Possession with Intent to Distribute 400 Grams and More of Fentanyl and Aiding and Abetting (21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi); 18 U.S.C. § 2). See Verdict at 1-4, filed August 7, 2025 (Doc. 496).

## PROCEDURAL BACKGROUND

In Martinez' two-page, one-paragraph motion, he argues that the Indictment:

> fails to allege predicate felonies as to any of the § 843(b) violations that themselves serve as alleged predicate violations to establish the Count 1 continuing criminal enterprise charge. With one exception (¶ 26 of the Indictment), the Indictment is fatally defective for failing to allege a predicate felony (a felony whose commission is facilitated by the telephone use), and, separately, the Government's grafting of two separate § 841(a)(1) charges -- one for possession with intent to distribute, and another for distribution -- onto the § 843(b) violations alleged in ¶¶ 6-42 (except for ¶ 26) as predicates constitutes a constructive amendment to or, in the alternative, a material variance from, the Indictment. This mandates dismissal (and removal from the Indictment and jury instructions) of those predicates or, in the alternative, the declaring of a mistrial.

Motion at 1.

As of the filing of this Memorandum Opinion and Order, the United States has not filed a response.

## LAW REGARDING AN INDICTMENT'S SPECIFICITY AND SUFFICIENCY

Rule 7(c) states that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c). The indictment must apprise the defendant sufficiently what he must be prepared to meet. See Cochran v. United States, 157 U.S. 286, 290 (1895). The court should consider the entire document in determining

whether the indictment is sufficient.  See United States v. Mobile Materials, Inc., 871 F.2d 902, 906-07 (10th Cir. 1989).

An indictment also must allow the defendant to plead a former acquittal or conviction as a defense to subsequent proceedings against him for the same or similar acts.  See Russell v. United States, 369 U.S. 749, 763-64 (1962); United States v. Lepanto, 817 F.2d 1463, 1465 (10th Cir. 1987).  Thus, an indictment is sufficient when it contains the offense's elements and apprises the defendant of the charges he must meet so that a judgment returned on the indictment will protect him against double jeopardy.  See United States v. Bedonie, 913 F.2d 782, 790 (10th Cir. 1990); United States v. Mobile Materials, Inc., 871 F.2d at 906.  The specificity requirements ensures that a defendant: "(1) should be called to answer charges actually brought by the Grand Jury and not a prosecutor's interpretation of those charges; (2) be apprised of the charge against him in order to permit preparation of a defense; (3) be protected against double jeopardy."  United States v. Haas, 583 F.2d 216, 219 (5th Cir. 1978).

A bill of particulars is "not a discovery device but may serve to 'amplif[y] the indictment by providing additional information.'"  United States v. Dunn, 841 F.2d 1026, 1029 (10th Cir. 1988)(quoting United States v. Johnson, 575 F.2d 1347, 1356 (5th Cir. 1978)).  A defendant, however, is "not entitled to all of the evidence the government intends to produce, but only the theory of the government's case."  United States v. Dunn, 841 F.2d at 1030.  In United States v. Dunn, the United States Court of Appeals for the Tenth Circuit explains: "[If an] indictment . . . tracks the statutory language, that fact alone will not defeat it."  841 F.2d at 1029.  Instead, "[s]ufficiency is determined by practical rather than technical considerations."  United States v.

Dunn, 841 F.2d at 1029.  The Tenth Circuit then notes that the indictment quotes the statutory language under which the defendant was charged, and "included the dates of the illegal activity, the place, and the specific controlled substance."  841 F.2d at 1029.  The Tenth Circuit concludes: "An indictment need not go further and allege in detail the factual proof that will be relied upon to support the charges."  841 F.2d at 1029.

## LAW REGARDING CONSPIRACY

To prove a conspiracy, the United States must show "(1) that two or more people agreed to violate the law (2) that the defendant knew at least the essential objectives of the conspiracy, (3) that the defendant knowingly and voluntarily became a part of it, and (4) that the alleged co-conspirators were interdependent."  United States v. Small, 423 F.3d 1164, 1182-83 (10th Cir. 2005).  Additionally,

> "a single conspiracy does not exist solely because many individuals deal with a common central player."  [United States v. Evans, 970 F.2d 663, 670 (10th Cir. 1992)].  "What is required is a shared single criminal objective, not just similar or parallel objectives between similarly situated people."  Id.  On the other hand, "[a] defendant need not have knowledge of all the details or all the members of the conspiracy and may play only a minor role in the conspiracy.  United States v. Mendoza-Salgado, 964 F.2d 993, 1005 (10th Cir.1992)(quotation omitted). The government need only prove by direct or circumstantial evidence "that the defendant knew at least the essential objectives of the conspiracy and the defendant knowingly and voluntarily became part of it."  Id. (quotation omitted).

United States v. Small, 423 F.3d at 1182-83.  Conspiracy is not a collection of various separate and distinct events, but rather is "the prototypical continuing offense."  United States v. Acosta-Gallardo, 656 F.3d 1109, 1122 (10th Cir. 2011)(quoting United States v. Jaynes, 75 F.3d 1493, 1505 (10th Cir. 1996) ).  "'A conspirator is only liable for the acts of co-conspirators until the conspiracy accomplished its goals or that conspirator withdraws.'"  United States v. Thornburgh,

645 F.3d 1197, 1204 (10th Cir. 2011)(quoting <u>United States v. Cherry</u>, 217 F.3d 811, 817 (10th Cir. 2000)).  <u>See</u> <u>United States v. Leal</u>, 330 F. Supp. 3d 1257, 1263 (D.N.M. 2018)(Browning, J.)(discussing whether the conspiracy charge against the defendant violates his rights under the Double Jeopardy clause based on a prior conspiracy conviction).

<u>ANALYSIS</u>

First, the Court concludes that the Indictment is not defective, because it adequately alleges a predicate felony for the Use of a Communication Facility, 21 U.S.C. § 843(b), charges.  Second, the Court concludes that the United States does not improperly make a constructive amendment to the Indictment by adding charges as predicate felonies for the Use of a Communication Facility charges.

## I.   <u>THE INDICTMENT IS NOT DEFECTIVE</u>.

Within Count 2's Conspiracy felony charge, the "Manner and Means" charges for Use of a Communication Facility, 21 U.S.C. § 843(b), must be in furtherance of a crime, <u>i.e.</u>, a predicate felony.  Indictment at 5.  Here, Martinez correctly notes that, out of the eleven charges against him for Use of a Communication Facility, 21 U.S.C. § 843(b) in Count 2's "Manner and Means" section, only one additionally describes the requisite predicate felony.  <u>See</u> Indictment ¶ 26, at 10.  The November 10, 2024 charge for Use of a Communication Facility to violate 21 U.S.C. § 843(b) further alleges that Martinez "did, in fact, commit a violation of 21 U.S.C. § 841(a)(1); 18 U.S.C. § 2: Aiding and Abetting."  Indictment ¶ 26, at 10.  21 U.S.C. § 841(a)(1) sets forth the two predicate felonies of Distribution of a Controlled Substance and Possession of a Controlled Substance with the Intent to Distribute.  Martinez is correct, therefore, that the November 10, 2024

charge is the only Use of a Communication Facility to violate 21 U.S.C. § 843(b) charge that explicitly alleges a predicate felony.

That each of the ten remaining charges for Use of a Communication Facility do not explicitly allege a predicate felony such as Distribution of a Controlled Substance or Possession of a Controlled Substance with the Intent to Distribute under 21 U.S.C. § 841(a)(1), does not render, however, the Indictment "fatally defective." Motion at 1. Conspiracy, 21 U.S.C. § 846, is a sufficient predicate felony, and Conspiracy attaches to each Use of a Communication Facility charge. While Conspiracy is not explicitly listed for each Use of a Communication Facility charge, it is alleged where, after all of the Use of a Communication Facility charges, the Indictment says "[i]n violation of 21 U.S.C. § 846." Indictment at 14. For the remaining ten Use of a Communication Facility charges that do not explicitly allege a predicate felony, however, the "[i]n violation of 21 U.S.C. § 846" at the end of all the Use of a Communication Facility charges serves as the requisite predicate felony for those charges. Indictment at 14.

## II.    THE UNITED STATES DOES NOT MAKE AN IMPROPER CONSTRUCTIVE AMENDMENT TO THE INDICTMENT.

Martinez argues that the United States improperly "grafts" onto the Use of Communication Facility charges the predicate felonies of Distribution of a Controlled Substance and Possession of a Controlled Substance with the Intent to Distribute, 21 U.S.C. § 841(a)(1). Motion at 1. This is not true, however, because the Indictment alleges that Martinez uses a communication facility to "accomplish the objectives of the conspiracy," i.e., Count 2's Conspiracy felony charge, 21 U.S.C. § 846. See Indictment at 5. Furthermore, no mistake occurs when instructing the jury as to the Use of a Communication Facility charges and the predicate felony of Conspiracy, 21 U.S.C. § 846.

- 11 -

See Court's Final Jury Instructions and Verdict Form (Given) at 18, filed August 5, 2025 (Doc. 493)(Jury Instructions).  The Court instructs the jury as to the eleven Use of a Communication Facility charges against Martinez that occur between August 18, 2025, and March 15, 2025.  See Jury Instructions at 18-19.  The Court instructs the jury on the charges exactly as they appear in the Indictment; the November 10, 2024 charge alleges the predicate felonies under 21 U.S.C. § 841(a)(1), while the remaining charges do not explicitly allege a predicate felony, but at the end, are alleged to occur "[i]n violation of 21 U.S.C. § 846," the Conspiracy felony charge.  Jury Instructions at 19.  Neither improper constructive amendment to the Indictment nor error in the resulting Jury Instructions occurs.

**IT IS ORDERED** that the Defendant Alex Anthony Martinez' Renewed Objection and Motion to Dismiss, Or in the Alternative for a Mistrial, on the Grounds of Defects in, Constructive Amendments to, and/or Material Variances From, the Indictment, filed August 5, 2025 (Doc. 490), is denied.

_____
UNITED STATES DISTRICT JUDGE

- 12 -

*Counsel:*

Ryan Ellison
  United States Attorney
Louis C. Mattei
Elaine Y. Ramirez
Raquel Ruiz-Velez
Matthew J. McGinley
Blake Nichols
  Assistant United States Attorney
Albuquerque, New Mexico

  *Attorneys for the Plaintiff*

Megan Kathleen Mitsunaga
Law Office of Megan Mitsunaga
Albuquerque, New Mexico

-- and --

Michael Vincent Severo
The Severo Law Firm
Pasadena, California

  *Attorneys for the Defendant Heriberto Salazar Amaya*

Marshall J. Ray
Law Offices of Marshall J. Ray
Albuquerque, New Mexico

  *Attorney for Defendant Cesar Acuna-Moreno*

Paul Linnenburger
Lane Linnenburger Lane LLP
Albuquerque, New Mexico

  *Attorney for Defendant Bruce Sedillo*

Susan L Burgess-Farrell
Burgess & Porter LLC
Albuquerque, New Mexico

    *Attorney for Defendant Vincent Montoya*

Jon K Stanford
The Law Office of Jon Stanford
Albuquerque, New Mexico

    *Attorney for Defendant Francisco Garcia*

Diego R. Esquibel
Esquibel Law Firm, PA
Albuquerque, New Mexico

    *Attorney for Defendant David Anesi*

Phillip G Sapien
Sapien Law, LLC
Albuquerque, New Mexico

    *Attorney for Defendant George Navarrete-Ramirez*

Carter Harrison
Nicholas T. Hart
Harrison & Hart, LLC
Albuquerque, New Mexico

    *Attorneys for the Defendant Alex Anthony Martinez*

Timothy Wilson Cornish
Albuquerque, New Mexico

    *Attorney for Defendant Jose Luis Marquez*

Thomas M. Clark
Clark and Jones, LLC
Albuquerque, New Mexico

    *Attorney for Defendant Nicholas Tanner*

- 14 -

John C. Anderson
Holland & Hart LLP
Santa Fe, New Mexico

     *Attorney for Defendant Brian Sanchez*

Carey Bhalla
Roshanna K Toya
Rothstein Donatelli LLP
Albuquerque, New Mexico

     *Attorneys for the Defendant Kaitlyn Young*

Joseph E. Shattuck
Marco and Shattuck Law Firm
Albuquerque, New Mexico

     *Attorney for Defendant Alan Singer*

Gregory M. Acton
Acton Law Office PC
Albuquerque, New Mexico

     *Attorney for Defendant David Altamirano Lopez*

Mallory Margaret Gagan
Gagan Law, LLC
Albuquerque, New Mexico

     *Attorney for Defendant Roberta Herrera*

M. Naomi Salazar
M. Naomi Salazar, Attorney at Law
Albuquerque, New Mexico

     *Attorney for Defendant Misael Lopez-Rubio*

- 15 -