**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

Plaintiff,

vs. No. CR 25-0879 JB

HERIBERTO SALAZAR-AMAYA, a.k.a. "HSA," "Juan," "El Paisa," "Viejo," "Heriberto Salazar-Torres," "Gabriel Gomez-Torres," and "Pedro Gomez-Diaz," CESAR ACUNA-MORENO, a.k.a. "Pollo," BRUCE SEDILLO, a.k.a. "YG" and "Youngster," VINCENT MONTOYA, a.k.a. "La Gringa" and "Guilt," FRANCISCO GARCIA, a.k.a. "Pancho," DAYID ANESI, GEORGE NAVARRETE-RAMIREZ, a.k.a. "Pantera" and "Panther," ALEX ANTHONY MARTINEZ, a.k.a. "Bow," "Bose," and "Volt," JOSE LUIS MARQUEZ, NICHOLAS TANNER, BRIAN SANCHEZ, KAITLYN YOUNG, a.k.a. "La de la motor," ALAN SINGER a.k.a. "El de la Moto," DAVID ALTAMIRANO-LOPEZ, a.k.a. "Yogi," ROBERTA HERRERA, and MISAEL LOPEZ-RUBIO, a.k.a. "Bruno,"

Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant Alex Anthony Martinez' Oral Motion for Directed Verdict. See Draft Hearing Transcript at 1 (taken August 4, 2025)("Tr.").[1] The primary issue is whether Plaintiff United States of America's evidence of fentanyl at trial is insufficient to prove that Martinez violates the possession with intent to distribute charge, under 21 U.S.C. § 841(a)(1). The Court concludes that the United States' evidence is sufficient to meet

[1]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

the United States' burden for the possession with intent to distribute charge, despite not tying the evidence to fentanyl's chemical designation of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide.

## FACTUAL BACKGROUND

First, the Court summarizes the three counts charging Martinez in the Second Superseding Indictment, filed July 16, 2025 (Doc. 358)("Indictment"). Second, the Court summarizes the relevant evidence and testimony at trial. Finally, the Court describes the jury verdict.

### 1. The Indictment.

A federal Grand Jury returns a twelve-count Indictment that charges Martinez and thirteen others with narcotics, firearms, and immigration offenses. See Indictment at 1, filed April 24, 2025 (Doc. 25). See also Superseding Indictment at 1-31, filed June 25, 2025 (Doc. 225). The Grand Jury returns the Second Superseding Indictment, filed July 16, 2025 (Doc. 357), which charges two additional defendants, and specifically charges Martinez with three counts: Count 1 -- Continuing Criminal Enterprise (21 U.S.C. § 848(a)); Count 2 -- Conspiracy (21 U.S.C. § 846); and Count 3 -- Possession with Intent to Distribute 400 Grams and More of Fentanyl and Aiding and Abetting (21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi); 18 U.S.C. § 2). See Second Superseding Indictment at 1-14. The conspiracy charge alleges that, from July 1, 2024, through April 29, 2025, Martinez and others conspired to distribute controlled substances. See Second Superseding Indictment at 4-14.

#### a. Count 1: Continuing Criminal Enterprise.

The Indictment charges Martinez with violating the Continuing Criminal Enterprise statute, 21 U.S.C. § 848(a) as follows:

Count 1

From on or about June 1, 2024, and continuing to on or about April 29, 2025, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendants, **HERIBERTO SALAZAR AMAYA, CESAR ACUNA-MORENO**, BRUCE SEDILLO, **VINCENT MONTOYA, FRANCISCO GARCIA, DAVID ANESI, GEORGE NAVARRETE-RAMIREZ, ALEX ANTHONY MARTINEZ**, JOSE LUIS MARQUEZ, **KAITLYN YOUNG, DAVID ALTAMIRANO-LOPEZ, ROBERTA HERRERA, MISAEL LOPEZ-RUBIO** and PHILLIP LOVATO, unlawfully, knowingly and intentionally engaged in a continuing criminal enterprise, and such violations were part of a continuing series of violations of Title 21 of the United States Code that were undertaken by the defendants in concert with at least five or more other persons with respect to whom the defendants occupied a position of organizer, a supervisory position, or other positions of management, and from which the defendants obtained substantial income and resources, and the said violations included, but are not limited to, the substantive violations alleged in:

a. Counts 3, 4, 7, 10, 11 and 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi): Distribution of 400 Grams and More of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl propanamide); 18 U.S.C. § 2: Aiding and Abetting;

b. Count 5: 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi): Distribution of 400 Grams and More of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide);

c. Counts 6 and 13: 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi): Possession with Intent to Distribute 400 Grams and More of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyll propanamide);

d. Counts 8, 17, 22, 23 and 24: 21 U.S.C. § 841(a)(1) and (b)(1)(A)(vi): Possession with Intent to Distribute 400 Grams and More of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl propanamide); 18 U.S.C. § 2: Aiding and Abetting;

e. Count 15: 21 U.S.C. §§ 841(a)(1) and (b)(l)(C): Possession with Intent to Distribute Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl propanamide);

f. Counts 18 and 25: 21 U.S.C. §§ 841(a)(l) and (b)(1)(A)(viii): Possession with Intent to Distribute 500 Grams and More of a Mixture and Substance Containing Methamphetamine; 18 U.S.C. § 2: Aiding and Abetting;

g. Counts 19 and 26: 21 U.S.C. §§ 841(a)(l) and (b)(1)(A)(i): Possession with Intent to Distribute One Kilogram and More of Heroin; 18 U.S.C. § 2: Aiding and Abetting;

h. Counts 27: 21 U.S.C. §§ 841(a)(l) and (b)(1)(B)(ii): Possession with Intent to Distribute 500 Grams and More of Cocaine; 18 U.S.C. § 2: Aiding and Abetting;

i. Count 20 and 28: 21 U.S.C. §§ 841(a)(l) and (b)(l)(C): Possession with Intent to Distribute a Mixture and Substance Containing Cocaine; 18 U.S.C. § 2: Aiding and Abetting;

and the substantive violations alleged in the Manner and Means in Count 2, including Manner and Means Numbers 2, 3, and 6 through 51.

All in violation of 21 U.S.C. § 848(a).

Indictment at 3-4.

**b. Count 2: Conspiracy.**

The Indictment charges Martinez with violating the Conspiracy statute, 21 U.S.C. § 846, as follows:

Count 2

From on or about June l, 2024, and continuing to on or about April 29,2025, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendants, **HERIBERTO SALAZAR AMAYA, CESAR ACUNA-MORENO**, BRUCE SEDILLO, **VINCENT MONTOYA, FRANCISCO GARCIA, DAVID ANESI, GEORGE NAVARRETE-RAMIREZ, ALEX ANTHONY MARTINEZ**, JOSE LUIS MARQUEZ, **NICHOLAS TANNER**, BRIAN SANCHEZ, **KAITLYN YOUNG, ALAN SINGER, DAVID ALTAMIRANO-LOPEZ, ROBERTA HERRERA, MISAEL LOPEZ-RUBIO** and PHILLIP LOVATO, unlawfully, knowingly and intentionally combined, conspired, confederated, agreed, and acted interdependently with each other and with other persons whose names are known and unknown to the Grand Jury to commit an offense defined in 2l U.S.C. § 841(a)(1), specifically, distribution of a controlled substance.

Controlled Substances Involved in the Conspiracy

With respect to **HERIBERTO SALAZAR AMAYA, CESAR ACUNA-MORENO**, BRUCE SEDILLO, **VINCENT MONTOYA, FRANCISCO GARCIA, DAVID ANESI, GEORGE NAVARRETE-RAMIREZ, ALEX ANTHONY MARTINEZ**, JOSE LUIS MARQUEZ, **NICHOLAS TANNER**, BRIAN SANCHEZ, **KAITLYN YOUNG, ALAN SINGER, DAVID**

> **ALTAMIRANO-LOPEZ, ROBERTA HERRERA, MISAEL LOPEZ-RUBIO** and PHILLIP LOVATO the amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide) involved in the conspiracy attributable to each of them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, is 400 grams and more of a mixture and substance containing a detectable amount of (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), contrary to 21 U.S.C. § 841(b)(1))(A)(vi).
>
> In violation of 2l U.S.C. § 846.

Additionally relevant here are the "substantive violations alleged in the Manner and Means in Count 2," which comprise some violations within Count 1's Continuing Criminal Enterprise charge. Indictment at 4. Count 2 also charges Martinez with violating the Conspiracy statute, 21 U.S.C. § 846. See Indictment at 5. Count 2 also alleges the "Manner and Means" by which Martinez violates the Conspiracy statute, 21 U.S.C. § 846, namely that Martinez uses a communication facility to violate 21 U.S.C. § 843(b) on August 18, 2024, August 20, 2024, September 10, 2024, September 24, 2024, November 6, 2024, November 10, 2024, November 11, 2024, November 11, 2024, November 19, 2024, February 1, 2025, and March 15, 2025. See Indictment at 5-14.

**c. Count 3: Possession with Intent to Distribute a Controlled Substance.**

The Indictment charges Martinez with violating the Possession with Intent to Distribute a Controlled Substance statute, 21 U.S.C. § 846, as follows:

Count 8

On or about November 13, 2024, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendants, BRUCE SEDILLO and **ALEX ANTHONY MARTINEZ**, unlawfully, knowingly and intentionally possessed with intent to distribute a controlled substance, and the offense involved 400 grams and more of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide). In violation of 21 U.S.C. §§ 841(a)(l) and (b)(1)(A)(vi), and 18 U.S.C. § 2.

Indictment at 16. Count 8 in the Indictment is Count 3 in the jury instructions. See Court's Final Jury Instructions and Verdict Form (Given) at 18-19, filed August 5, 2025 (Doc. 493)("Jury Instructions").

## PROCEDURAL BACKGROUND

The Court briefly describes the trial. Then, the Court summarizes Martinez' motion for rule 29 directed verdict under the Federal Rules of Criminal Procedure. Finally, the Court describes the jury verdict.

### 1. The Trial.

The trial started on July 21, 2025, and lasted seven days. On August 4, 2025, the United States closes their case-in-chief. See Hearing Tr. at 1:4-6 (Court). Before Martinez puts on his case, he moves for rule 29 directed verdict for all three counts. See Hearing Tr. at 1:9-14 (Hart). Martinez argues that, with respect to all three counts, the United States does not meet its burden to prove that the fentanyl evidence presented to the jury is the unlawful chemical compound that 21 U.S.C. § 841(b)(1)(vi) describes: N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide. See Hearing Tr. at 1:9-2:21 (Hart). Martinez argues that the Possession with Intent to Distribute statute, see 21 U.S.C. § 841, provides a sentencing penalty only for "400 grams or more of a detectable amount of . . . N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide." Hearing Tr. at 2:10-15 (Hart)(citing 21 U.S.C. § 841(b)(1)(vi)). Martinez contends that, while the Possession with Intent to Distribute statute, 21 U.S.C. § 841, uses the "street name" for various drugs such as heroin, cocaine, methamphetamine, and LSD, it uses only the "chemical name" for fentanyl. Hearing Tr. at 2:2-9 (Hart). Finally, Martinez notes that only one United States Court of Appeals for the Tenth Circuit case touches upon the United States' burden to prove the fentanyl evidence is the chemical compound that 21 U.S.C. § 841(b)(1)(vi) prohibits, but does not decide the issue, because, there, the defendant stipulates that the narcotics in evidence are fentanyl. See

Hearing Tr. at 10:17-21 (Hart)(citing United States v. Shamo, 36 F.4th 1067, 1070 (10th Cir. 2022)).

The United States makes several points in response. First, the United States references language in United States v. Shamo which states that, while the word fentanyl is not anywhere in the Controlled Substances Act, 21 U.S.C. § 841, 21 U.S.C. § 841(a)(1) prohibits possession with intent to distribute a controlled substance, and fentanyl is a controlled substance. See Hearing Tr. at 12:1-8 (McGinley). The United States notes that fentanyl is "specifically listed" in 21 U.S.C. § 812(b)(2)(B)(6). Hearing Tr. at 12:13-16 (McGinley). The United States notes that the Indictment lists both the street name fentanyl and the chemical name N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide. See Hearing Tr. at 12:23-13:6 (McGinley).

On August 5, 2025, parties gave closing arguments.

**2. The Verdict.**

At the end of the next day, on August 6, 2025, the jury returned a verdict of: (i) not guilty on Count 1 -- Continuing Criminal Enterprise (21 U.S.C. § 848(a)); (ii) guilty on Count 2 -- Conspiracy (21 U.S.C. § 846); and (iii) guilty on Count 3 -- Possession with Intent to Distribute 400 Grams and More of Fentanyl and Aiding and Abetting (21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi); 18 U.S.C. § 2). See Verdict at 1-4, filed August 7, 2025 (Doc. 496).

## ANALYSIS

The Court concludes that the United States' evidence is sufficient to satisfy its burden on the possession with intent to distribute charge. Although § 841(b)(1)(vi) identifies the controlled substance by its chemical designation -- N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide -- the United States need not use that chemical designation at trial, because "fentanyl" is an equivalent of that chemical name. The evidence therefore sufficiently establishes that Martinez possesses the charged controlled substance with the intent to distribute it.

Section 841(a)(1) makes it unlawful for any person to "knowingly or intentionally -- manufacture, distribute, or dispense, or possess with the intent to manufacture, distribute, or dispense a controlled substance . . . ." 21 U.S.C. § 841(a)(1). Fentanyl -- the substance that Martinez is charged with possessing with the intent to distribute -- is a Schedule II controlled substance. See 21 C.F.R. § 1308.12. Thus, the substance at issue is a controlled substance within § 841(a)(1)'s meaning.

The question is whether § 841(b)(1)(vi), which refers to fentanyl by its chemical designation, requires the United States to prove at trial that the substance is N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide rather than only fentanyl. Several Courts of Appeals have considered this issue, but none squarely have decided whether the United States must make that connection in every case.

In United States v. Shamo, 36 F.4th 1067 (10th Cir. 2022), the Tenth Circuit finds it "inexplicable" that § 841(b)(1)(vi) does not use the word fentanyl but instead refers to the substance by its chemical name. United States v. Shamo, 36 F.4th at 1074. The Tenth Circuit nevertheless holds that the evidence is sufficient to uphold the defendant's conviction where the trial testimony refers to the substance as fentanyl rather than by its chemical designation. See 36 F.4th at 1074. The Tenth Circuit relies on the defendant's affirmative acceptance at trial that fentanyl is synonymous with the chemical substance that the statute identifies. See 36 F.4th at 1074. Similarly, in United States v. Castillo, 158 F.4th 257 (1st Cir. 2025), the First Circuit considers the same argument and holds that the defendant waives it by failing to object to the verdict form's use of the word fentanyl or to the repeated use of that term throughout trial. See 158 F.4th at 283. Thus, neither United States v. Shamo nor United States v. Castillo definitively resolve whether the United States must establish at trial that the term fentanyl refers to the chemical compound that § 841(b)(1)(vi) identifies.

Having considered the issue, the Court concludes that it need not impose such a requirement, because fentanyl and N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide are equivalents. The statutory reference to the chemical designation does not identify a substance distinct from fentanyl; it identifies fentanyl by its chemical name.

The Tenth Circuit confirms that fentanyl's chemical name is N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide. See United States v. Shamo, 36 F.4th at 1074. Federal regulations likewise establish the equivalence between the two terms. The procedures governing the destruction of contraband and drug evidence in the custody of federal law-enforcement authorities states that N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide is "commonly known as fentanyl." 28 C.F.R. § 50.21. The Sentencing Guidelines similarly identify N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide as fentanyl. See U.S.S.G. § 2D1.1. These authorities demonstrate that the chemical designation and the term fentanyl refer to the same substance, and the Court and the United States may use the two terms interchangeably.

The record here confirms that Martinez understands and uses the terms interchangeably. In his proposed jury instructions, Martinez repeatedly uses the term fentanyl in the place of the chemical designation in the statute. Specifically, Martinez first proposes instructing the jury that, to find him guilty, it must find:

> First: Mr. Martinez knowingly or intentionally possessed a controlled substance as charted in the indictment;
>
> Second: The substance was in fact fentanyl;
>
> Third: Mr. Martinez possessed the substance with the intent to distribute it;
>
> Fourth: The amount of the controlled substance possessed by the defendant was at least the number of grams -- 400, 40, or some quantity less than 40 but greater than 0 -- that you unanimously agree Mr. Martinez possessed and that you have selected on the verdict form.

Fentanyl is a controlled substance within the meaning of the law.

Defendant's Objections to the Government's Proposed Jury Instructions and to the Court's Preliminary Instruction, and his Proposal of Two New Instructions at 30, filed July 25, 2025 (Doc. 440)("Martinez' Objections"). Martinez' first proposed verdict form also uses the word fentanyl:

> **If Guilty**: We, the Jury, having found the defendant guilty of the offense charged in Count 2 of the indictment, further unanimously find that the overall scope of the conspiracy involved the distribution of fentanyl with a new weight of (*place an X in the appropriate box*)
>
> □ 400 grams or more;
> □ 40 grams or more; or
> □ less than 40 grams.

Martinez' Objections at 36. In this proposed instruction, Martinez does not require the jury to find that the substance is N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide. Instead, he proposes that the jury find that "[t]he substance was in fact fentanyl." Martinez' Objections at 30. Martinez' first proposed instruction thus reflects the same equivalence the Court recognizes here: fentanyl is the substance that the statute identifies with its chemical designation.

Nothing in § 841 requires the United States to prove a particular nomenclature when the evidence establishes the controlled substance's identity. The Court sees no authority supporting the proposition that § 841's use of fentanyl's chemical designation creates an additional factual element separate and apart from the controlled substance's identity. Because fentanyl is the commonly used name for N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide, proof that Martinez possesses fentanyl establishes possession of the substance that the statutory chemical designation identifies.

Accordingly, the United States need not separately introduce evidence connecting the word "fentanyl" to the chemical designation N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide. The evidence that Martinez possesses fentanyl and intends to distribute it is sufficient to establish the controlled substance that § 841(b)(1)(vi) identifies. The Court therefore

concludes that the United States meets its burden of proof on the possession with intent to distribute charge, notwithstanding the absence of evidence using fentanyl's full chemical designation.

Moreover, the Court takes judicial notice that N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide is the chemical designation for fentanyl. The Tenth Circuit notes that trial courts may take post-trial judicial notice of legislative facts. See United States v. Iverson, 818 F.3d 1015, 1029, 1031 (10th Cir. 2016)(O'Brien, J., concurring). While adjudicative facts are facts that relate to the parties and their activities, legislative facts do not relate specifically to the litigants' activities or characteristics. See United States v. Iverson, 818 F.3d at 1030. As an example of a properly judicially noticed legislative fact, the Tenth Circuit cites approvingly to United States v. Gould, 536 F.2d 216 (8th Cir. 1976), where the defendant is charged with importing a Schedule II controlled substance, cocaine. See United States v. Gould, 536 F.2d at 217. The statute in United States v. Gould defines a Schedule II controlled substance as, among other things, those substances containing coca leaves. See 536 F.2d at 218. The evidence at trial includes expert testimony that the substance imported contains cocaine hydrochloride, but there is no direct evidence of cocaine hydrochloride being a derivative of coca leaves. See 536 F.2d at 218. The Eighth Circuit concludes that the trial court does not error in taking judicial notice of cocaine hydrochloride's status as a Schedule II controlled substance, because "the fact that cocaine hydrochloride is derives from coca leaves is, if not common knowledge, at least a matter which is capable of certain, easily accessible and indisputably accurate verification." United States v. Gould, 536 F.2d at 219. The same reasoning applies here. Whether N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide is the chemical designation for fentanyl is a fact capable of "certain, easily accessible and indisputably accurate verification." United States v. Gould, 536 F.2d at 219. The Court therefore takes judicial notice of that fact. Accordingly, even if the United States must establish the equivalence between fentanyl and the chemical designation in §

841(b)(1)(vi), judicial notice establishes that equivalence. The United States therefore meets its burden to establish that the substance Martinez possesses is the substance that § 841(b)(1)(vi) identifies.

**IT IS ORDERED** that the request in Defendant Alex Anthony Martinez' Oral Motion for Directed Verdict, see Draft Hearing Transcript at 1 (taken August 4, 2025), is denied.

UNITED STATES DISTRICT JUDGE

*Counsel:*

Todd Blanche
Deputy Attorney General
Ryan Ellison
First Assistant United States Attorney
Elaine Y. Ramirez
Raquel Ruiz-Velez
Louis C. Mattei
Blake Nichols
Matthew J. McGinley
Assistant United States Attorneys
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Megan Kathleen Mitsunaga
Law Office of Megan Mitsunaga
Albuquerque, New Mexico

-- and --

Michael Vincent Severo
The Severo Law Firm
Pasadena, California

*Attorneys for the Defendant Heriberto Salazar Amaya*

Marshall J. Ray
Law Offices of Marshall J. Ray
Albuquerque, New Mexico

*Attorney for Defendant Cesar Acuna-Moreno*

Paul Linnenburger
Lane Linnenburger Lane LLP
Albuquerque, New Mexico

*Attorney for Defendant Bruce Sedillo*

Susan L Burgess-Farrell
Burgess & Porter LLC
Albuquerque, New Mexico

*Attorney for Defendant Vincent Montoya*

Jon K Stanford
The Law Office of Jon Stanford
Albuquerque, New Mexico

*Attorney for Defendant Francisco Garcia*

Diego R. Esquibel
Esquibel Law Firm, PA
Albuquerque, New Mexico

*Attorney for Defendant David Anesi*

Phillip G Sapien
Sapien Law, LLC
Albuquerque, New Mexico

*Attorney for Defendant George Navarrete-Ramirez*

Carter Harrison
Nicholas T. Hart
Harrison & Hart, LLC
Albuquerque, New Mexico

*Attorneys for the Defendant Alex Anthony Martinez*

Timothy Wilson Cornish
Albuquerque, New Mexico

*Attorney for Defendant Jose Luis Marquez*

Thomas M. Clark
Clark and Jones, LLC
Albuquerque, New Mexico

*Attorney for Defendant Nicholas Tanner*

John C. Anderson
Holland & Hart LLP
Santa Fe, New Mexico

*Attorney for Defendant Brian Sanchez*

Carey Bhalla
Roshanna K Toya
Rothstein Donatelli LLP
Albuquerque, New Mexico

*Attorneys for the Defendant Kaitlyn Young*

Joseph E. Shattuck
Marco and Shattuck Law Firm
Albuquerque, New Mexico

*Attorney for Defendant Alan Singer*

Gregory M. Acton
Acton Law Office PC
Albuquerque, New Mexico

*Attorney for Defendant David Altamirano Lopez*

Mallory Margaret Gagan
Gagan Law, LLC
Albuquerque, New Mexico

*Attorney for Defendant Roberta Herrera*

M. Naomi Salazar
M. Naomi Salazar, Attorney at Law
Albuquerque, New Mexico

*Attorney for Defendant Misael Lopez-Rubio*